### STRAUSS v. EASTERN BREWING CO.

(Supreme Court, Appellate Division, Second Department.  October 8, 1909.)

BROKERS (§ 57*)—LOAN BROKER—SUFFICIENCY OF SERVICES.

   A loan broker, where a loan is not consummated, must at least show the procurement of a person able and willing to accept it upon the precise terms stipulated by his principal.

   [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66–72; Dec. Dig. § 57.*]

 Action by Henry S. Strauss against the Eastern Brewing Company. Defendant interposed exceptions, which were ordered to be heard at the Appellate Division. Exceptions sustained, and a new trial granted.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Samuel H. Guggenheimer, for plaintiff.
Emanuel J. Myers, for defendant.

MILLER, J. This is an action to recover for services performed by the plaintiff in procuring a person ready and able to make a loan to the defendant. The complaint alleges the employment of the plaintiff by the defendant and one Garrett B. Lindermann to procure the discount of three notes, aggregating $85,000, to be made by the defendant and indorsed by Charles Katz, Bernard Katz, and Adolph Prince, officers of the defendant, and the said Garrett B. Lindermann, and two notes aggregating $50,000, to be made by Garrett B. Lindermann & Co., and indorsed by Garrett B. Lindermann, Charles Katz, and Adolph Prince. The plaintiff testified that he was to receive $5,000 from the defendant for procuring the discount of the notes to be made by it, and $5,000 from Lindermann for procuring the discount of the notes to be made by Garrett B. Lindermann & Co., but that his commissions were dependent upon his procuring the discount of all of said notes. He proved the making of an application by him to the Carnegie Trust Company to discount three notes, aggregating $85,000, to be made by

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant and indorsed by Charles Katz, Bernard Katz, Adolf Prince, and Garrett B. Lindermann, and another application for the discount of two notes, aggregating $50,000, to be made by the defendant and indorsed by Charles Katz, Adolf Prince, and Garrett B. Lindermann, and that the Carnegie Trust Company accepted said application and agreed to make the loans, with the proviso that the proceeds of the notes were to be deposited with it and withdrawn only in stated amounts at stated intervals. The plaintiff testified that he informed the officers of the defendant that he had placed the loan with the Carnegie Trust Company, but that the defendant was to open an account with that company and leave a portion of the discount on deposit, and that they said that that was satisfactory. There is no proof whatever that the plaintiff communicated to the defendant that the applications accepted by the Carnegie Trust Company were for the discount of five notes to be made by the defendant, none of them to be made or indorsed by Garrett B. Lindermann & Co.

Both sides moved for a direction of a verdict, and the plaintiff's motion was granted. A point is made on this appeal that trust companies have not the power to discount notes. It is unnecessary, however, to determine that question, as the plaintiff did not prove that he procured a person ready and willing to make the loan upon the stipulated terms of his employment. The matter of requiring the proceeds of the notes to be deposited and only withdrawn at stated intervals may be passed, as the plaintiff testified that the defendant was satisfied with that. But there is no proof that the defendant was ever informed of the terms of the application made by the plaintiff to the Carnegie Trust Company, and there is no proof that the latter company was willing to discount three notes, aggregating $85,000, made by the defendant with the stipulated indorsements, and notes aggregating $50,000, made by the Garrett B. Lindermann Company with the stipulated indorsements. Where the loan is not consummated, the broker must at least show the procurement of some one able and willing to accept it upon the precise terms stipulated by his principal.

Defendant's exceptions should be sustained, and a new trial granted.

Defendant's exceptions sustained, and a new trial granted; costs to abide the event. All concur.